## ELLEN v. JOHNSON.

(District Court, E. D. New York.  May 28, 1918.)

HABEAS CORPUS ⏘16—ACTION OF DRAFT BOARD—REVIEW BY COURTS.

Where a local draft board, upon the facts stated in a registrant's questionnaire, found him subject to service and gave him a classification, which was affirmed by the district board, a court cannot on habeas corpus review its action in refusing to reopen the case.

Habeas Corpus.  Petition on behalf of Abraham Ellen for writ directed to Evan M. Johnson, Commander of the National Army at Camp Upton, N. Y.  Writ denied.

Russell, Gilroy & Schehr, of New York City, for plaintiff.

Melville J. France, U. S. Atty., of Brooklyn, N. Y., for defendant.

GARVIN, District Judge.  An application has been made by Morris Ellen, based upon a verified petition, for a writ of habeas corpus, directed to the United States army officer in charge of the military cantonment at Camp Upton, N. Y., and to each and all of his deputies, requiring him and them to bring and have Abraham Ellen, the son of the applicant, before this court, upon the ground that he is unlawfully deprived of his liberty.  The petition presented by the applicant shows that Abraham Ellen registered, and that in the first draft he received a discharge as an alien; that when the second draft came on the registrant duly filled out his questionnaire, and claimed exemption as an alien; that on said questionnaire, without sufficient evidence and irregularly, the local board declared the registrant eligible under class 1.  The petition sets forth further, on information and belief, that the report of the local board on the questionnaire shows that the local board had no evidence before it to justify its findings, and that it had the evidence before it to show that the registrant was an alien.  The petition further sets forth that the registrant came to this country on March 6, 1916, is a native of Russia, and has never taken out his first papers, and therefore is an alien.

The answering affidavit shows:  That the registrant filed his questionnaire with local board and made the following answer to question 8:  "Q. 8. Has either of your parents been naturalized in the United States?  A. Yes."  That the minute of the local board on said claim for deferred classification was as follows:  "The local board classifies the registrant as shown on the cover sheet hereof (1–A) because it finds that his parent had been naturalized."  That an appeal was taken to the district board of the city, which unanimously classified the registrant in 1–A, because it found that the registrant had failed to establish his claim to exemption on the ground of alienship.  That thereafter the registrant filed an affidavit, in which he set forth that his father was not a citizen, and that his father had not declared his intention of becoming a citizen until some time after the registrant had become 21 years of age.  He therefore requested that his case be opened, and that he be allowed to establish the claim of alien-

ship, and produce before the board his father and mother, neither of whom, according to his claim, are citizens of the United States. He further presented an affidavit, made by his father, in which applicant under oath stated that he had received his final papers on June 7, 1917, but that the registrant was 23 years of age, and therefore was not a minor at the time of this naturalization. The local board declined to open the case.

No such situation is here presented as justifies interference by the court. The case is not brought within the rule of Angelus v. Sullivan, 246 Fed. 54, at page 67, 158 C. C. A. 280, at page 293:

"The civil courts can afford relief from orders made by such boards in any case where it is shown that their proceedings have been without or in excess of their jurisdiction, or have been so manifestly unfair as to prevent a fair investigation, or that there has been a manifest abuse of the discretion with which they are invested under the act."

It is clear that the local board found as a fact, after taking the proof offered by the registrant, that he was not entitled to the deferred class.

The application for a writ of habeas corpus is denied.